DARNELL et al. v. SMITH et al.

[76 South. 547, Division B.]

SHERIFFS. *Tax sale. Fee. Statute.*

Under Code 1906, section 2197, subd. 1, cl. "E," allowing sheriffs a fee of twenty-five cents "for advertising and selling each separately described subdivision of land sold for taxes," the

sheriff was entitled to receive this fee where he only advertised the land but made no sale, the taxes having been paid before such sale was made.

APPEAL from the circuit court of Quitman county.
HON. W. A. ALCORN, Judge.
Suit by R. J. Darnell and others against D. H. Smith and others. From a judgment for defendants, plaintiffs appeal.
The facts are fully stated in the opinion of the court.

*Mack & Black,* for appellant.

The section of the Code here in controversy is in the following language: "For advertising and selling each separate sub-divisions of land sold for taxes, twenty-five cents."

It is our contention that the defendant was not entitled to collect this twenty-five cents, where the taxes were paid before the date of sale. It is well settled in Mississippi that sums allowed officers for official duties are never to be considered as penalties, but are always given and charged as actual compensation for duties performed. In other words officers cannot collect penalties and appropriate same, but can only collect compensation, fixed by the statute for duties performed. *Wynne, Administrator,* v. *R. R. Co.,* 45 Miss. 569, 12 So. 266; *Anderson* v. *Hawkes,* 12 So. 697.

With this rule well fixed in our minds to start with, in our opinion it is not difficult to decide the intention of the legislature in allowing the fee of twenty-five cents per sub-division for advertising and selling lands. *Y. & M. V. R. R. Co.* v. *Love,* 69 Miss. 111, 12 So. 266; *Anderson* v. *Hawkes,* 70 Miss. 12 So. 697.

We will here call the court's attention to a proposition of law that is well settled in Mississippi, and that is that while taxes are delinquent after the 15th day of December, and the tax collector has the right after said date to enforce payment by distress, yet if he takes no

steps to enforce the payment of the delinquent taxes he is not entitled to charge ten per cent damages, although the taxes may not have been paid until just before the tax collector makes up his delinquent list. *Anderson* v. *Hawkes,* 12 So. 697; *R. R. Co.* v. *Love,* 12 So. 266.

It is also well stated that although the tax collector takes no steps to actually distrain, yet when he begins the work of preparing his delinquent list of advertising the property for sale, this constitutes the "or otherwise" mentioned in Code, section 2197. *Miller* v. *Delta & Pine Land Co.,* 20 So. 875.

In other words the tax collector earns his ten per cent damages either by distress or by making up his delinquent list and not otherwise, and until he does one or the other, he cannot collect the additional per centum provided by the statute.

With these principles controlling and this section of the law clearly fixed in our minds, we will next take up and consider the question of the right of the tax collector to charge the twenty-five cents for each sub-division of land, "for advertising and selling each separate subdivision of land sold for taxes."

Evidently this provision is to compensate the tax collector for some services rendered by him and, under the authorities already referred to, he cannot collect it from the delinquent tax payer unless he performs the service.

A careful examination of the Code of the state of Mississippi discloses the fact that the section there in controversy appears for the first time in the Code of 1892, being brought forward in the same language in the Code of 1906. Prior to the Code of 1892 there was no compensation whatever fixed by law for the services of the tax collector for selling lands at tax sales; that is, the actual crying them off at public auction, nor was there any compensation provided for advertising the land.

We respectfully refer the court to the Code of 1857, page 79, article 34, and page 80, article 37; to section 1699, Code of 1871, and the Code of 1880, section 524,

dealing with the duties of the tax collector in making sales of lands, and fixing the fees, which he is entitled to and it will be seen that nowhere in said codes is any provision made for pay to the tax collector for actually making the sale, or for advertising either, and it is our contention, and we think it entirely reasonable, that the section of the code now in controversy was intended to provide compensation to the tax collector for actually crying the land off at the sale, for this is only service that he does, or could do, to earn the twenty-five cents per subdivision allowed by the statute.

We do not think the legislature ever intended to visit on the delinquent taxpayer a penalty for his delinquency, but only intended to provide suitable compensation to the tax collector for extra services rendered by him in forcing payment of taxes due on his property.

The statute fixes a fee for a complete act, that is for both advertising and selling, and both must be done before the tax collector could claim the compensation therein provided. In the court below counsel for appellees relied exclusively on the case of *Miller* v. *Delta & Pine Land Co.*, 20 So. 875. In our opinion this case has no application to the case at bar, not being in point.

It will be observed that in the Miller case the tax collector had done everything that was done in this case; that is to say, that he had made up his delinquent list; that he had handed it to the printer, but he had not actually made the sale, the sale having been enjoined.

We think it clear that the point now before the court was not involved in the Miller case, and was not decided by it, and the Miller case is not even persuasive.

In conclusion we submit that the section of the code at issue is only intended to provide compensation to the tax collector for the actual sale of the lands, and that it was not intended to recover for advertising only, for the reason, that the tax collector performed no service that would entitle him to the compensation claimed.

That the words of the statute are plain and that before the officer could claim the fees in question the land must be both advertised and sold; that is to say, the completed act must be done before the tax collector could bring himself within the statute. Whatever right he has in this case is given by the statute, and we submit that under the plain provisions of the statute the fee is only collectible on lands, "Advertised and sold."

*W. M. Donaldson,* for appellee.

The power to levy and assess taxes includes the power to adopt such measures as will make their collection and payment prompt, having due regard to the requirement of due process of law, and this includes the authority to impose penalties or additional compensation to the tax collectors, upon refusal or delay in paying these taxes justly due, and such penalties or additional compensation is decided in the discretion of the legislature within reasonable limitations. 37 Cyc., page 1542.

The court of Mississippi have held that the damages and fees provided for in the collection of delinquent taxes are not penalties in this state, but are in the nature of additional compensation for extra services. *Anderson* v. *Hawkes,* 70 Miss. 639, 12 So. 697.

It follows then that the statutes providing for additional compensation are not penal statutes, but are in their nature civil, and as such statutes are not penal, they do not require strict construction.

Section 4326 provides the plan of procedure for the tax collector to pursue in regard to delinquent tax lands after the 15th day of January, and makes it a duty of the tax collector to advertise all the land in his county on which the taxes have not been paid, or which is liable for taxes, for sale, at the door of the courthouse on the first Monday of April following.

The tax collector has no authority to collect taxes until after having received a warrant in the form of a tax roll

duly approved by the board of supervisors, and he is charged with the duty of excuting this warrant and of making returns thereon the same as other process, or warrant, which is placed in his hands. The sheriff and tax collector in executing in writing his monthly returns of collections is simply making a return on the warrant placed in his hands. The method of making this return is provided in section 4326 of the Code of 1906, the whole proceeding being a part of one scheme, and for the successive steps in the scheme, the legislature has provided compensation as set out in the fee bill.

The making of the list as provided for is an essential part of the proceeding to coerce collection and is essential to the validity of any sale which might be made by the tax collector, of lands, to compel the payment of taxes thereon. 37 Cyc., page 1294; *Huntington* v. *Spencer,* 33 Miss. 451.

It is also imperative that the list must be made and advertisement be inserted at or within the time prescribed by law, between January 15th and the first Monday in April following. The tax collector is under no duty or obligation to wait any length of time after January 15th before making the list and advertising the land. 37 Cyc., page 1294; *Carson* v. *Richardson,* 65 Miss. 222, 3 So. 579; *Miller* v. *Delta & Pine Land Co.,* 20 So. 875.

It is also essential that the copy provided for to be posted at the door of the courthouse, should be posted as a part of the scheme of advertising, in order to notify the owners that sale will be made unless the taxes are paid. 37 Cyc., page 1300.

The law also imposes upon the tax collector when making an advertisement of this character, liability to the printer for fees provided for to be paid said printer, and thus, in making advertisement as provided by law, he is compelled to assume by statute, additional responsibility, and where additional responsibility is assumed or im-

posed by law, the collector should have additional compensation. 37 Cyc., page 1363; *Moore* v. *Magee,* 48—567.

Section 2197 of the Code of 1906, provides for the fees of the tax collector in making collections of delinquent taxes and provides separate fees for successive steps in the enforcement of collection of taxes by distress, sale, or otherwise. There are six paragraphs relating to fees of tax collectors and numerous paragraphs relating to the fees of other officers, providing fees for said officers for the successive steps in the enforcement of the collection of delinquent taxes.

It is contended by counsel for appellant that unless the whole of the fee provided for is earned, no part of it is earned and that the statute cannot be extended by implication. In other words, it is their contention that the statute must be construed in the same manner as a penal statute, and this we deny upon the authority of the supreme court in the case of *Anderson* v. *Hawkes,* 70 Miss. 639. *Miller* v. *Delta & Pine Land Co.,* 20 So. 875.

We are of the opinion that the entire section, 2197 of the Code of 1906, is to be regarded as a unit, and that whenever the tax collector had made his list of the delinquent lands and delivered the same to the printer, and posted a copy thereof at the courthouse door, he had thereby done all of the ardous duties of advertising that devolved upon him. In the language of the court in the Miller case: ''There is no point in the proceeding, once begun, at which it may be said that the right to compensation has attached rather than at another. The compensation is given as a unit. It cannot be apportioned.'' The tax collector was entitled to twenty-five cents as held by the lower court in the Miller case, also the ten per centum damages as additionally held by the supreme court in the case.

ETHRIDGE, J., delivered the opinion of the court.

This is a suit by R. J. Darnell against D. H. Smith, sheriff, and sureties on his tax collector's bond. R. J. Darnell was a property owner in Quitman county and failed to pay taxes for the year 1914 until after the lands were advertised for sale by the sheriff for the taxes, but the tax was paid before the sale by the sheriff. In collecting the taxes the sheriff charged and collected twenty-five cents for each subdivision of land separately described, amounting to one hundred and twenty-two dollars, and Darnell brings suit to recover this money under the theory that the sheriff could not make this charge unless the land was actually sold. The statute bearing on the question is clause "e" of section 2197, which reads as follows: "(e) For advertising and selling each separately described subdivision of land sold for taxes twenty-five cents." The sheriff is required to advertise the land for taxes, post and publish notices of advertising, to see that the lands are correctly described in the advertisement for sale, involving the reading of printer's proof; and if paid before sale is required to strike from the list the land so paid on. In our opinion, the sheriff is entitled to the fees allowed where the land has been advertised, even though the same be not sold, but that he would get no additional compensation for this service where the land is actually sold. The court below having reached the same conclusion, the judgment is affirmed.

*Affirmed.*